Jacob G-rtjmet, J.
The plaintiff as a taxpayer moves to enjoin Mayor John V. Lindsay from campaign activities on city time “ consisting of visits, walks, speeches, tours, etc.,” all of which, he says, are in violation of subdivision (a) of section 1100 of the Charter of the City of New York. The plaintiff further requests that the -defendant Mario Proccacino ‘ ‘ in his capacity as Comptroller of the City of New York * * * be directed * * * to recover that portion of the moneys paid as salary to the said John V. Lindsay which is represented by the time spent by the said John V. Lindsay in campaign activities in violation of his duty under Section 1100a of the City Charter ” and that “unless restrained the defendant John V. Lindsay will continue to engage in the above-described illegal activities.” Subdivision (a) of section 1100 of the City Charter provides: “ Every head of an administration or department or elected officer except councilmen who receives a salary from the city shall give his whole time to his duties and shall not engage in any other occupation, profession or employment.”
The only proof offered by plaintiff in support of these allegations is a reference to newspaper items in the Daily News and the New York Times on various dates based on the assumption that the alleged illegal activities of the Mayor are ‘ ‘ readily discoverable in Press reports. ’ ’
Subdivision a of section 1100 states that an elected officer “ shall not engage in any other occupation, profession or employment.” Patently this section was not intended to preclude an incumbent city official from devoting a portion of his time to campaigning for election either to the same office or another office. By doing so, it cannot be said that he is thereby engaging in any other ‘ ‘ occupation, profession or employment. ’ ’ This was obviously intended to proscribe engagement in another vocation, calling, profession or business. Campaigning does not fall into any one of these categories.
It is interesting to note that although the plaintiff calls upon the Comptroller to recover moneys paid to the Mayor for the time spent in his campaign activities and to enjoin him from making any further payments, he makes no reference to the fact that the Comptroller himself is a candidate for Mayor and, undoubtedly, is engaged in the same kind of activity. Campaigning is an important part of our democratic process. The motion is in all respects denied.